IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:06CV382-C

| | |
|---|---|
| RONALD KEVIN PADGETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG POLICE )<br>DEPARTMENT, a North Carolina municipal )<br>entity, DARRELL W. STEPHENS, Charlotte- )<br>Mecklenburg Chief of Police, individually and )<br>in his official capacity, SETH FULTON, a police )<br>officer of the Charlotte-Mecklenburg Police )<br>Department, individually and in his official )<br>capacity, EDDIE LEVENS, a police officer of )<br>the Charlotte-Mecklenburg Police Department, )<br>individually and in his official capacity, )<br>NORTH CAROLINA PRIVATE )<br>PROTECTION SERVICES BOARD, a North )<br>Carolina state entity, LARRY LIGGINS, an )<br>officer of the North Carolina Private Protection )<br>Services Board, individually and in his official )<br>capacity, SARAH CONNOR, an agent of the )<br>North Carolina Private Protection Services )<br>Board, individually and in her official capacity, )<br>and WAYNE WOODARD, an agent of the )<br>North Carolina Private Protection Services )<br>Board, individually and in his official capacity, )<br>)<br>Defendants. )<br>_____) | **ORDER SETTING INITIAL<br>PRETRIAL CONFERENCE** |

       **THIS MATTER** is before the Court to set and conduct an Initial Pretrial Conference pursuant to Local Rule 16.1(B).

       Counsel should have already held an Initial Attorneys Conference pursuant to Local Rule 16.1(A). In any event, before the Initial Pretrial Conference counsel shall consider and discuss any

special issues or problems which may arise (or have arisen) during discovery; whether a protective order is necessary and the contents of any such order; whether early settlement (of any or all claims) should be pursued; whether and when mediation should be conducted and, if they can agree, whom the Court should appoint as mediator; the likely length of trial, should this case not be settled; and any other special needs the litigation of these claims may present.

If this case is assigned to the undersigned, counsel should have already executed and filed the official form captioned "Consent to Proceed Before A United States Magistrate Judge." See Local Rule 73.1. If they have not already done so, counsel should file the required consent form promptly.

If this case is assigned to a District Judge, the parties may still consent to the exercise of jurisdiction by a Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). If the parties wish to consent at this time, or at any time during the pendency of this case, counsel should file the required form. Additional consent forms ("Consent To Proceed Before A Magistrate Judge") are available from the Office of the Clerk of Court or from chambers of the undersigned.

**NOW THEREFORE, IT IS ORDERED:**

1. The Initial Pretrial Conference shall be held in the chambers of the undersigned (Room 238, U.S. Courthouse, 401 West Trade Street, Charlotte, North Carolina), on **Tuesday, March 13, 2007, at 2:30 p.m.**

2. Counsel may, but are not required to bring the parties to the Initial Pretrial Conference.

3. The Clerk is directed to send copies of this Order to counsel for the parties.

**SO ORDERED**.

Signed: January 26, 2007

Carl Horn, III
United States Magistrate Judge